FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 27 2005

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

LARRY NEAL SHAW, JR.
ADC #105878                                                                  PLAINTIFF

V.                          4:03CV00823 SWW/HDY

JOHNSON, et al.,                                                            DEFENDANTS

## FINDINGS AND RECOMMENDATIONS

Plaintiff, a state inmate incarcerated at the Ouachita River Correctional Unit of the Arkansas Department of Correction ("ADC"), filed this action pursuant to 42 U.S.C. § 1983 against defendants, alleging inadequate medical care. Plaintiff also made a timely demand for a jury trial; however, before incurring the expense of money and manpower inherent in such a trial, the Court held an Evidentiary (Pre-Jury) Hearing on May 16, 2005, to determine whether the case should proceed to a jury trial. Pursuant to the standard set forth in *Johnson v. Bi-State Justice Center*, 12 F.3d 133 (8th Cir. 1993), the Court has considered Plaintiff's testimony during the May 16, 2005, hearing to be true, drawn all appropriate inferences in Plaintiff's favor, and refrained from making any credibility determinations. *Id.* at 135-6. Viewing the evidence presented during the hearing in this light, the Court must now decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Id., quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-252 (1986). Considering the evidence introduced at the Evidentiary Hearing in the manner set forth above, the undersigned makes the following findings:

1

1.      Plaintiff is currently incarcerated at the Cummins Unit of the ADC. However, all the events at issue in this case occurred while Plaintiff was incarcerated at the Pulaski County Regional Detention Facility ("Detention Facility"). Defendants are Randy Johnson, Pulaski County Sheriff; Randy Morgan, Detention Facility Chief; Shawn Smith, Detention Facility Major; Stephen Spanel, Medical Director, ADC; Dr. Carl Johnson, Detention Facility physician.

2.      Plaintiff was incarcerated at the Detention Facility from September 8, 2002, through December 13, 2002, then transferred to the ADC, and later returned to the Detention Facility, where he was incarcerated from May 16, 2003, through December 18, 2003. Plaintiff's testimony indicates that both times he was at the Detention Facility, he had problems getting his medications on schedule.

3.      According to Plaintiff's testimony, he is scheduled to receive his medications at 5 a.m. and 5 p.m. The gravamen of Plaintiff's complaint is that he was provided inadequate treatment in that Defendants failed to provide him his medication at regular intervals, and, at times, failed to administer doses. As a result, Plaintiff argues, his human immunodeficiency virus ("H.I.V.") is beginning to show resistence to the medications, and that his viral load has increased.

4.      Accepting as true Plaintiff's allegation that he has missed doses of his medicine, he failed to introduce any evidence that this failure in treatment resulted in any further injury, or delayed his recovery. When a prisoner claims that a delay in receiving medical treatment amounts to inadequate medical care, he must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment. *Coleman v. Rahja*, 114 F.3d 778, 784 (8th Cir. 1997). Plaintiff has failed to do so. To the contrary, Plaintiff testified that no physician had ever given him a reason that his viral condition was becoming resistant to medication.

2

5. Plaintiff further testified that, other than being H.I.V. positive, his health has generally been excellent, although he has recently suffered from a urinary tract infection and some stomach problems.

6. Even if Plaintiff's missed and delayed doses of medication adversely affected his condition, he introduced no evidence to indicate that any defendant responsible for administering the medication was aware of the potential consequences of an irregular medication schedule. Plaintiff must show more than negligence or even gross negligence to establish a constitutional violation. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). Plaintiff, in fact, testified that the Defendants, "just didn't realize the importance of it."

7. The same day as the hearing, Plaintiff filed a "Motion for Expert Witness," seeking to have the Court appoint an expert witness to answer questions concerning the effect missed doses of medication could have on his condition docket entry #27). However, Plaintiff was given an opportunity to name one of his physicians or another expert on the witness list he submitted on April 21, 2005 (docket entry #23). None of the witnesses appear to be medical experts. The Court sees no reason to revisit the issue now, and Plaintiff's motion is therefore denied. Moreover, even if Plaintiff established an injury, there is, as discussed above, no evidence to suggest anything more than negligence on the part of Defendants.

Accordingly,

IT IS THEREFORE RECOMMENDED THAT:

1) This action be DISMISSED WITH PREJUDICE for failure to introduce sufficient evidence to create a fact issue to be submitted to a jury.

2) Plaintiff's Motion for Expert Witness (docket entry #27) be DENIED.

3) The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

DATED this 27 day of May, 2005.

_____
UNITED STATES MAGISTRATE JUDGE